**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| PAPA B. SIDIBE,<br>　　　　*Plaintiff*,<br><br>　　　v.<br><br>WHOLE FOODS MARKET,<br>　　　　*Defendant* | No. 24-cv-0266-ABA |

**MEMORANDUM OPINION**

Plaintiff Papa B. Sidibe ("Plaintiff" or "Mr. Sidibe") worked at Whole Foods Market ("Defendant" or "Whole Foods") for a period of time beginning in October 2019. Mr. Sidibe has sued, alleging Whole Foods did not offer him a performance evaluation, which he alleges often leads to a pay increase; shorted him on a paycheck; and wrongly terminated him while he was on paternity leave. ECF No. 1 ("Compl.") at 6. Whole Foods has moved to dismiss two of the three claims or, alternatively, seeks summary judgment on all three claims. ECF No. 12 at 1-2. For the reasons set forth below, the Court grants Defendant's motion to dismiss Plaintiff's claims under Title VII of the Civil Rights Act of 1964 and the Fair Labor Standards Act. As to his last claim, which the Court construes as having been brought pursuant to the Family and Medical Leave Act, Whole Foods has not moved to dismiss, but rather for summary judgment; that aspect of Whole Foods' motion is premature because no discovery has occurred.

## BACKGROUND

### A. Procedural history

A brief procedural overview will be helpful before outlining the relevant facts. Plaintiff filed his initial complaint in January 2024; the "Statement of Claim" therein was brief—eight sentences total in support of three legal claims. *See* Compl. at 6.

In filing his complaint, Plaintiff used a template offered by the Clerk's Office to assist *pro se* parties. The template's instructions state that "If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph." Compl. at 6. Although his complaint does not identify specific counts, Plaintiff organized the facts of his claim in three separate paragraphs. *Id.* In addition, the Civil Cover Sheet attached to the complaint identifies three items under the "Nature of Suit" section: (1) civil rights – employment; (2) labor – Fair Labor Standards Act ("FLSA"); (3) labor – Family and Medical Leave Act ("FMLA"). ECF No. 1-1 at 1. Given these facts and the Court's obligation to construe *pro se* pleadings liberally, *see Gray v. Wash. Metro Area Transit Auth.*, No. DKC-16-1792, 2017 WL 511910, at *2 (D. Md. Feb. 8, 2017) ("pro se pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers"), the Court interprets the complaint as raising three distinct claims. Specifically, the Court will treat the allegations in paragraph 1 as Mr. Sidibe's "civil rights – employment" claim (presumably under Title VII), the allegations in paragraph 2 as his "labor – Fair Labor Standards Act" claim, and the allegations in paragraph 3 as his "labor – Family

and Medical Leave Act" claim. Whole Foods classifies the claims in a similar manner in its briefs. *See, e.g.*, ECF No. 12 at 1.

Whole Foods filed a Motion to Partially Dismiss or in the Alternative Motion for Summary Judgment. ECF No. 12. It moved to dismiss the Title VII and FLSA claims for failure to state a claim under Rule 12(b)(6) and "in the alternative, or in addition," sought summary judgment on all three counts.[1] ECF No. 12-1 at 2. Mr. Sidibe filed a response to the motion to dismiss, ECF No. 16, that included significantly more detail about the circumstances surrounding the claims, particularly the Title VII discrimination claim. *See, e.g.*, ECF No. 16 at 2 (alleging differential treatment based on race).

The decision on whether to grant the partial motion to dismiss is—and must be—based on the substance of Plaintiff's initial complaint. *See Mylan Labs., Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1068 (D. Md. 1991) ("it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss") (citation omitted); *see also Zak v. Chelsea Therapeutics Intern., Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) ("Generally, when a defendant moves to dismiss a complaint under Rule 12(b)(6), courts are limited to considering the sufficiency of allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.'") (citation omitted). But even if the Court were to treat Plaintiff's response to the motion to dismiss as a motion seeking

---

[1] Whole Foods also raised a statute of limitations argument as to the Title VII claim, but later withdrew the argument. *See* ECF No. 12-1 at 7-8, ECF No. 15 at 3.

leave to amend the complaint, the motion would be futile as to his Title VII and FLSA claims because, as explained below, those allegations still fall short of the pleading standard under Rule 8(a)(2). For the sake of judicial efficiency, the Court herein notes the deficiencies in the response brief, but ultimately decides the motion based on the complaint only. For clarity, the facts below are separated between those alleged in the original complaint and those additional factual allegations included in Plaintiff's response to the motion to dismiss. Although Whole Foods has offered alternative explanations and context, *see, e.g.*, ECF Nos. 12, 18, the facts below are based only on Plaintiff's pleadings because, in considering a motion to dismiss, the Court must "accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016).

### B. Facts Alleged in Plaintiff's Complaint

In October 2019, Mr. Sidibe was hired at Whole Foods Market as a cashier. Compl. at 6, ¶ 1. In October 2020, he received a five percent pay increase. *Id.* In September 2021, he was promoted to the role of Store Team Trainer Specialist. *Id.* ¶ 2. This promotion came with a raise, bringing his pay rate to $16.70 per hour. *Id.* The next month, Plaintiff did not receive a job dialogue, a performance evaluation that he alleges "usually lead[s] to [a] pay increase." *Id.* When Plaintiff received his October 8, 2021 paycheck, he was not paid at the increased pay rate. *Id.* At some point thereafter, Mr. Sidibe took paternity leave and, he alleges,

Whole Foods terminated his employment in January 2022[2] while he was still on paternity leave, though he acknowledges he did not receive a letter of termination during his leave. *Id.* ¶ 3. (As noted below, Whole Foods contends that his termination was not because he had taken paternity leave, but because he failed to return to work after the conclusion of his paternity leave.) Mr. Sidibe seeks $222.12 for back pay, as well as compensation for wrongful termination. *Id.* at 7.

### C. Facts Alleged in Plaintiff's Response to the Partial Motion to Dismiss

Mr. Sidibe contends that a performance evaluation meeting scheduled for October 11, 2021 did not take place. ECF No. 16 at 2. He notes that "two employees, Steve (Caucasian) and Louis (Hispanic), received both promotions and Performance Evaluations within the same year, unlike the plaintiff."[3] *Id.* Mr. Sidibe states that the purpose of a performance evaluation is to "assess an employee's job performance" and that "a Performance Evaluation Meeting and a salary increase are not interchangeable terms, despite any claims made to the contrary by the defense." *Id.* He states that he was denied this meeting "ostensibly due to his racial background" and that the "differential treatment" he experienced supports his "assertion of racial discrimination." *Id.* Mr. Sidibe also

---

[2] The complaint states that this termination took place in January 2021, *see* Compl. at 6, ¶ 3, but the Court presumes that this is a typographical error, given the alleged sequence of events.
[3] According to the initial complaint, Mr. Sidibe had been promoted in September 2021, one month before the scheduled job dialogue. Compl. at 6, ¶ 2.

notes that there are former black team leaders "who would like to testify in court." *Id.*

## STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When a defendant asserts that, even assuming the truth of the alleged facts, the complaint fails "to state a claim upon which relief can be granted," the defendant may move to dismiss the complaint. Fed. R. Civ. P. 12(b)(6). A plaintiff is not required to plead a prima facie case of discrimination to bring a Title VII employment discrimination claim. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-11 (2002) ("The prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement . . . Consequently, the ordinary rules for assessing the sufficiency of a complaint apply.").

## DISCUSSION

As noted above, the disposition of Whole Foods' motion to dismiss rests on the content of Plaintiff's complaint alone, ECF No. 1. For the sake of judicial efficiency, however, the Court notes below why Mr. Sidibe's response to Whole Foods' motion also falls short of the pleading standard, even if the Court were to treat it as a motion for leave to amend. The Court will dismiss Plaintiff's Title VII employment discrimination claim because his complaint does not plead that any adverse action took place because of his race, color, religion, sex, or national origin. The Court will also dismiss Plaintiff's FLSA claim because he does not allege payment of less than minimum wage or unpaid overtime wages. As to

Plaintiff's FMLA claim—as to which Defendant has not filed a motion to dismiss, but rather solely a motion for summary judgment—Defendant's motion is denied as premature, as the parties have not engaged in discovery.

### A. Plaintiff's Title VII discrimination claim

Plaintiff alleges he did not receive a performance evaluation in October 2021. Compl. at 6, ¶ 1. Critically, however, the complaint does not allege that this action—or, in fact, *any* of the events alleged in the complaint—were caused by or connected to Mr. Sidibe's "race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1); *see also McCleary-Evans v. Md. Dep't. of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (plaintiff "was required to allege facts to satisfy the elements of a cause of action created by [Title VII]—i.e., in this case, that [the defendant] failed or refused to hire her *because of* her race or sex.") (cleaned up). Because the complaint does not allege an essential element of his claim, Plaintiff has failed to state a claim upon which relief can be granted under Title VII.

Insofar as Plaintiff was seeking leave to amend through his response to the motion to dismiss,[4] the facts come closer to stating a claim under Title VII, but still fall short. Plaintiff originally alleged that he did not receive a performance evaluation "which usually lead[s] to [a] pay increase." Compl. at 6, ¶ 1. However, upon Whole Foods' assertion in its motion to dismiss that Plaintiff did not receive his annual increase in October because he had been recently promoted, which

---

[4] Plaintiff offers additional facts in other documents filed on the docket, *see, e.g.*, ECF No. 21 (asserting additional facts related to alleged racial discrimination), but the Court will not consider those here.

reset "Plaintiff's annual review timing . . . until 2022[,]" ECF No. 12-1 at 12, Plaintiff responded that "a Performance Evaluation Meeting and a salary increase are not interchangeable terms, despite any claims made to the contrary by the defense." ECF No. 16 at 2. The Court interprets this statement as Plaintiff acknowledging that he might not have been eligible for a pay increase at the October 2021 meeting, but alleging that there is a purpose to the meeting beyond a potential pay increase. Indeed, while the focus in the initial complaint was on the potential for the meeting to lead to a pay increase, in his response brief Plaintiff essentially abandons any alleged connection between the performance evaluation and a raise and instead states that "the intention behind the Performance Evaluation Meeting is to assess an employee's job performance." ECF No. 16 at 2.

If Plaintiff's assertion in his response brief is essentially that he was denied a performance evaluation meeting, he has failed to allege sufficient facts to show that this action constituted an adverse employment action. "An adverse employment action is a discriminatory act which '*adversely affect[s]* "the terms, conditions, or benefits" of the plaintiff's employment.'" *James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 375 (4th Cir. 2004) (emphasis added) (quoting *Von Gunter v. Maryland*, 243 F.3d 858, 865 (4th Cir. 2001)). While the Supreme Court's recent decision in *Muldrow v. City of St. Louis*, 601 U.S. 346 (2024) held that an employment action need not be "significant" to be actionable under Title VII, it did not change the requirement that an alleged employment action must constitute a "'disadvantageous' change in an employment term or condition." *Id.*

at 354. Here, even with Plaintiff's response construed as a motion for leave to amend, Plaintiff has still not alleged that the denial of the performance evaluation constituted an adverse employment action sufficient to state a Title VII claim. *Cf. Mallik v. Sebellius*, 964 F. Supp. 2d 531, 542 (D. Md. 2013) (stating that an employee's exclusion from a photograph at an award ceremony was not an adverse employment action, in part because plaintiff did not "allege[] that his exclusion from the photograph impacted him in any tangible way"). Although courts must construe the pleadings of a *pro se* plaintiff liberally, "liberal construction does not absolve Plaintiff from pleading a plausible claim." *See Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014).

### B. Plaintiff's FLSA claim

The Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, governs the federal minimum wage, overtime pay, and child labor standards. In relevant part, the statue requires employers to pay their employees "not less than . . . $7.25 an hour[.]" *Id.* at § 206(a)(1)(C). Even construing the *pro se* complaint liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), Plaintiff's complaint does not state any claims under the FLSA. He does not allege that he ever worked more than 40 hours in any week. And the allegation that his October 8, 2021 paycheck was not paid at his post-promotion pay rate does not state an FLSA claim because he does not allege that he was paid below the minimum wage. In fact, the complaint states that the disputed October 2021 paycheck was paid at $15.75 per hour. ECF No. 1 at 6, ¶ 2. *See Wai Man Tom v. Hospitality Ventures LLC*, 980 F.3d 1027, 1032 (4th Cir. 2020) ("for employees who receive a traditional hourly

wage[,] . . . employers satisfy their FLSA obligations by directly paying their employees hourly wages in excess of the statutory minimum[] wage"). Therefore, Plaintiff has failed to allege facts that support an FLSA claim, and the Court will grant the motion to dismiss this claim. The Court will dismiss this claim without prejudice, to permit Plaintiff to file an amended complaint in the event additional facts exist that would support an FLSA claim.

### C. Plaintiff's FMLA claim

As explained above, in addition to asserting claims the Court construes as Title VII and FLSA claims, Plaintiff also has alleged that in January 2021 he was "terminated while on PATERNITY LEAVE OF ABSENCE," Compl. at 6, ¶ 3, which as noted above Whole Foods and the Court have construed as an FMLA claim. Whole Foods has not moved to dismiss that claim under Rule 12(b)(6), but instead has moved for summary judgment on that claim. ECF No. 12 at 3. Whole Foods contends that "on October 18, 2021, Plaintiff took unpaid leave under the FMLA and was scheduled to return to work on January 10, 2022," but "did not return to work at that time or any point thereafter." ECF No. 12-1 at 15. It further contends that, "[o]n January 24, 2022, Whole Foods sent Plaintiff a letter advising him that if he did not certify his then-unapproved time off by January 27, 2022, he would be separated from employment for his failure to return from the leave of absence," and yet "Plaintiff never responded and, therefore, was terminated on January 30, 2022." *Id.* at 15-16. Whole Foods contends that these events establish that, regardless of whether Mr. Sidibe was on parental leave during the period October 18, 2021, to January 10, 2022, his failure to return

to work on or after January 10 "constitutes a legitimate, non-retaliatory explanation for the adverse action, and there is no evidence of pretext." *Id.* at 16.

There are only limited circumstances in which it is appropriate for a court to grant summary judgment prior to discovery. To be sure, Rule 56 permits a party to file a motion for summary judgment "at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). And ordinarily, "to defeat a summary judgment motion because more discovery is necessary, a party must submit an affidavit or declaration regarding the need for discovery," *Brent v. City of Cumberland Police Dep't*, 700 F. Supp. 3d 314, 320 (D. Md. 2023) (citing Fed. R. Civ. P. 56(d)), which Mr. Sidibe has not done. But "[s]ummary judgment is not generally appropriate before discovery has taken place." *Id.* And particularly when a plaintiff is proceeding *pro se*, "strict compliance" with Rule 56(d)'s requirement of a declaration regarding the need for discovery "is not necessary if the nonmoving party 'has had little or no opportunity to conduct discovery' and 'the nonmoving party has adequately informed the district court that the motion is pre-mature and that more discovery is necessary.'" *Id.* (quoting *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002)). "[A]llowing a party enough time for discovery before summary judgment is particularly important when the other party has exclusive control of the relevant facts and when the case presents questions about intent and motive." *Tate v. Parks*, 791 F. App'x 387, 392 (4th Cir. 2019).

The undisputed evidence at the conclusion of discovery may very well establish that Plaintiff's termination arose from his failure to return to work on

or after January 10, 2022—which, if so, likely would constitute a legitimate, non-retaliatory explanation for the termination. But that will need to await completion of discovery on that claim, as granting summary judgment on Plaintiff's FMLA claim would be premature.

## CONCLUSION

For the foregoing reasons, Defendant's motion, ECF No. 12, is granted in part and denied in part. Plaintiff's Title VII and FLSA claims, corresponding to paragraphs 1 and 2 of his complaint, are dismissed (without prejudice). Defendant's motion for summary judgment as to Plaintiff's FMLA claim is denied. A separate order follows.

Date: December 13, 2024

_____
Adam B. Abelson
United States District Judge